FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA 13 SEP 11  PM 2:48

OFFICE OF THE CLERK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 8:12CR422 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | **PLEA AGREEMENT** |
| AARON MCGRATH, | ) | |
| | ) | |
| Defendant. | ) | |

IT IS HEREBY AGREED between the plaintiff, United States of America, through its counsel, Deborah R. Gilg, Un ted States Attorney and, Keith Becker, DOJ Trial Attorney; Sara Chang, DOJ Trial Attorney; Michael P. Norris, Assistant United States Attorney and defendant, AARON MCGRATH, and David R. Stickman, counsel for defendant, as follows:

## I

## THE PLEA

### A.   CHARGE(S) & FORFEITURE ALLEGATION(S).

Defendant agrees to plead guilty to Count I of the Indictment charging Engaging in a Child Exploitation Enterprise in violation of Title 18, United States Code, Section 2252A(g). The Defendant further agrees to admit to the Allegation of Forfeiture and forfeit the property listed therein to the United States.

B.   In exchange for the defendant's plea of guilty as indicated above, the United States agrees as follows:

1.   The United States will move to dismiss Counts II, III, IV, V, VI and VII at the time of sentencing.

2.   The United States will not bring any further charges against the Defendant relating to his operation of child pornography websites in Nebraska between January 2009 and November 2012.

1

## II

## **NATURE OF THE OFFENSE**

A.    ELEMENTS EXPLAINED.

Defendant understands that the offense to which defendant is pleading guilty has the following elements: 1) The Defendant violated Chapter 110 of Title 18; 2) The violation was part of a series of three or more separate incidents; 3) The series of violations involved more than one minor victim; and 4) the Defendant committed the violations in concert with at least three other individuals.

B.    ELEMENTS UNDERSTOOD AND ADMITTED - FACTUAL BASIS.

The parties have agreed to a factual basis for the offense.

## III

## **PENALTIES**

A.    Defendant understands that the crime to which defendant is pleading guilty, Engaging in a Child Exploitation Enterprise, carries the following penalties:

1.    A mandatory minimum of twenty (20) years with a maximum of life in prison;

2.    A maximum $250,000 fine;

3.    A mandatory special assessment of $100 per count; and

4.    A term of supervised release of at least 5 years and up to life. Defendant understands that failure to comply with any of the conditions of supervised release may result in revocation of supervised release, requiring defendant to serve in prison all or part of the term of supervised release.

5.    Possible ineligibility for certain Federal benefits.

6.    A requirement to register as a sex offender.

## IV

## **COOPERATION**

The Defendant has provided substantial assistance to the United States in the investigation and prosecution of others. The assistance provided, although substantial, was limited. Any assistance has been completed.

2

The United States, having fully considered the Defendant's substantial assistance, will file a motion for downward departure under U.S.S.G. § 5K1.1. The motion for downward departure will not include authorization pursuant to 18 U.S.C. § 3553(e) or 28 U.S.C. § 994(n) to depart below the twenty (20) year mandatory minimum sentence.

The United States will recommend a two level departure from the Total Offense Level as a result of the Defendant's substantial assistance. The United States will be relieved of any obligation to file a motion for downward departure and the recommendation for a one level reduction from the Total Offense Level should it be determined that Defendant has violated this agreement. Defendant will be deemed in violation of his plea agreement should it be determined that:

1) Defendant has been untruthful or has failed to fully disclose his knowledge of the criminal activity for which he and others have been charged;

2) Defendant has protected another person by failing to provide information; and

3) Defendant violates any of the provisions set forth in section VI paragraph A of this agreement.

V

## AGREEMENT LIMITED TO U.S. ATTORNEY'S OFFICE DISTRICT OF NEBRASKA AND THE UNITED STATES DEPARTMENT OF JUSTICE

This plea agreement is limited to the United States Department of Justice and the United States Attorney's Office for the District of Nebraska, and cannot bind any other state or local prosecuting, administrative, or regulatory authorities.

VI

## PARTIES' SENTENCING RECOMMENDATIONS

### A.   SENTENCING GUIDELINE CALCULATIONS

The United States submits that the following Base Offense Level, Specific Offense Characteristics and Adjustments are applicable.

1) The base offense level is set forth at U.S.S.G. § 2G2.6(a). The base offense level is 35;

2) A 4 level enhancement applies pursuant to § 2G2.6(b)(1)(A) as numerous

3

victims depicted had not attained the age of 12. (Many were toddlers and infants);

3)      A 2 level enhancement applies pursuant to § 2G2.6(b)(4) as a computer or interactive computer service was used in furtherance of the offense. (Servers were used to host three separate websites dedicated to child pornography);

4)      A 4 level increase applies pursuant to § 3B1.1(a) (Aggravating Role), in that Defendant was the organizer or leader of a criminal activity that involved five (5) or more participants or was otherwise extensive;

5)      If Defendant is found to be entitled to an offense level reduction under § 3E1.1(a) for acceptance of responsibility the United States will move the Court to reduce Defendant's offense level by one additional level pursuant to § 3E1.1(b).

B.      ACCEPTANCE OF RESPONSIBILITY.

The government will not recommend any adjustment for Acceptance of Responsibility if Defendant:

1.      Fails to admit a complete factual basis for the guilty plea at the time it is entered, or
2.      Denies involvement in the offense, gives conflicting statements about that involvement, or is untruthful with the court or probation officer, or
3.      Fails to appear in court, or
4.      Engages in additional criminal conduct, or
5.      Attempts to withdraw the guilty plea, or
6.      Refuses to abide by any lawful court order, or
7.      Contests or assists any third party in contesting the forfeiture of property(ies)seized or forfeited in connection with this case.

The parties further agree the Defendant will make no "blanket" objections to the criminal history calculation (specific objections based on stated grounds are permitted). Objections to criminal history on the basis that the Defendant was not the person who was convicted of the offense(s) described in the presentence investigation report or on the basis that the defendant was not represented by counsel in connection with such conviction(s), if determined to be unfounded,

4

are evidence the defendant has not accepted responsibility and the parties agree no credit for acceptance of responsibility should be given.

C.    ADJUSTMENTS, DEPARTURES & REDUCTIONS UNDER 18 U.S.C. § 3553.

The parties agree that Defendant may request or recommend additional downward adjustments, departures and variances from the Sentencing Guidelines and that the United States may oppose any such downward adjustments, departures and variances. Moreover, the United States may request additional upward adjustments, upward departures and variances from the Sentencing Guidelines.

D.    CRIMINAL HISTORY.

The parties have no agreement concerning the defendant's Criminal History Category.

E.    "FACTUAL BASIS" AND "RELEVANT CONDUCT" INFORMATION.

The parties agree that the facts in the "factual basis" paragraph of this agreement, if any, are true, and may be considered as "relevant conduct" under U.S.S.G. § 1B1.3 and as the nature and circumstances of the offense under 18 U.S.C. § 3553(a)(1).

The parties agree that all information known by the office of United States Pretrial Service may be used by the Probation Office in submitting its presentence report, and may be disclosed to the court for purposes of sentencing.

## VII

## DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK

Defendant hereby knowingly and expressly waives any rights to appeal with two limited exceptions. First, Defendant retains the right to appeal an order of restitution. Second, Defendant retains the right to appeal a sentencing guidelines enhancement based on organizer and leader (§3B1.1(a)) or a substantively unreasonable sentence. Defendant otherwise waives all other rights of appeal, including a waiver of all motions, objections and defenses. Defendant could assert to the charges or the Court's entry of Judgment against the Defendant.

Defendant further knowingly and expressly waives any and all rights to contest the defendant's conviction and sentence in any post-conviction proceedings, including any proceedings under 28 U.S.C. § 2255, except:

5

(a) The right to timely challenge the defendant's conviction and the sentence of the Court should the Eighth Circuit Court of Appeals or the United States Supreme Court later find that the charge to which the defendant is agreeing to plead guilty fails to state a crime.

(b) The right to seek post-conviction relief based on ineffective assistance of counsel, or prosecutorial misconduct, if the grounds for such claim could not be known by the defendant at the time the Defendant enters the guilty plea contemplated by this plea agreement.

If Defendant breaches this plea agreement, at any time, in any way, including, but not limited to, appealing or collaterally attacking the conviction or sentence, the United States may prosecute Defendant for any counts, including those with mandatory minimum sentences, dismissed or not charged pursuant to this plea agreement. Additionally, the United States may use any factual admissions made by defendant pursuant to this plea agreement in any such prosecution.

## VIII

## BREACH OF AGREEMENT

Should it be concluded by the United States that the defendant has committed a crime subsequent to signing the plea agreement, or otherwise violated this plea agreement, the Defendant shall then be subject to prosecution for any federal, state, or local crime(s) which this agreement otherwise anticipated would be dismissed or not prosecuted. Any such prosecution(s) may be premised upon any information, statement, or testimony provided by the defendant.

In the event the Defendant commits a crime or otherwise violates any term or condition of this plea agreement, the Defendant shall not, because of such violation of this agreement, be allowed to withdraw the defendant's plea of guilty, and the United States will be relieved of any obligation it otherwise has under this agreement, and may withdraw any motions for dismissal of charges or for sentence relief it had already filed.

## IX

## SCOPE OF AGREEMENT

A. This plea agreement embodies the entire agreement between the parties and supersedes any other agreement, written or oral.

B. By signing this agreement, Defendant agrees that the time between the date the defendant signs this agreement and the date of the guilty plea will be excluded under the Speedy

6

Trial Act. Defendant stipulates that such period of delay is necessary in order for the defendant to have opportunity to enter the anticipated plea of guilty, and that the ends of justice served by such period of delay outweigh the best interest of the defendant and the public in a speedy trial.

C. The United States may use against Defendant any disclosure(s) the defendant has made pursuant to this agreement in any civil proceeding. Nothing contained in this agreement shall in any manner limit the defendant's civil liability which may otherwise be found to exist, or in any manner limit or prevent the United States from pursuing any applicable civil remedy, including but not limited to remedies regarding asset forfeiture and/or taxation.

D. Pursuant to 18 U.S.C. § 3013, the defendant will pay to the Clerk of the District Court the mandatory special assessment of $100 for each felony count to which the defendant pleads guilty. Defendant will make this payment at or before the time of sentencing.

E. By signing this agreement, Defendant waives the right to withdraw Defendant's plea of guilty pursuant to Federal Rule of Criminal Procedure 11(d). Defendant may only withdraw the guilty plea in the event the court rejects the plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(5). Furthermore, Defendant understands that if the court rejects the plea agreement, whether or not Defendant withdraws the guilty plea, the United States is relieved of any obligation it had under the agreement and Defendant shall be subject to prosecution for any federal, state, or local crime(s) which this agreement otherwise anticipated would be dismissed or not prosecuted.

F. This agreement may be withdrawn by the United States at any time prior to its being signed by all parties.

## X

## MODIFICATION OF AGREEMENT MUST BE IN WRITING

This agreement ends all plea discussions. No promises, agreements or conditions have been entered into other than those set forth in this agreement, and none will be entered into unless in writing and signed by all parties.

## XI

## DEFENDANT AND COUNSEL FULLY UNDERSTAND AGREEMENT

7

By signing this agreement, Defendant certifies that defendant read it. Defendant has discussed the terms of this agreement with defense counsel and fully understands its meaning and effect.

## XII

## DEFENDANT SATISFIED WITH COUNSEL

Defendant has consulted with counsel and is satisfied with counsel's representation.

UNITED STATES OF AMERICA
DEBORAH R. GILG
United States Attorney

July 12, 2013
Date

MICHAEL P. NORRIS
ASSISTANT U.S. ATTORNEY

JULY 27, 2013
Date

KEITH BECKER
TRIAL ATTORNEY

July 29, 2013
Date

SARAH CHANG
TRIAL ATTORNEY

July 9, 2013
Date

AARON MCGRATH
DEFENDANT

July 9, 2013
Date

DAVID R. STICKMAN
COUNSEL FOR DEFENDANT

9